UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTWAN SEASE, SR.,  :
    Plaintiff,  :
: 3:17-cv-770 (SRU)
v.  :
:
LIEUTENANT PAUL FRENIS, ET AL.,  :
    Defendants.  :

# RULING AND ORDER

Antwan Sease, Sr. ("Sease") is currently incarcerated at MacDougall-Walker Correctional Institution. He initiated this action by filing a civil rights complaint against Lieutenant Paul Frenis and Correctional Officers Bruno A. Pacheco, C. Rinaldi, B. Camacho, S. Vescrera, Mooney, Ostonio, Karisen (1), McCannon, Karisen (2), John Doe 1, John Doe 2, John Doe 3 and John Doe 4. *See* Compl., ECF No. 1. The complaint had not been signed or dated by Sease. On October 19, 2017, I ordered Sease to file an amended complaint that was signed and dated. Sease has filed an amended complaint that names the same defendants as were named in the complaint. *See* Am. Compl., ECF No. 8.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90. 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Sease claims that on May 19, 2014, at Garner Correctional Institution, he was attempting to go out to the recreation yard when Correctional Officer Pacheco "busted his lip" when he "rammed" into him. Am. Compl., ECF No. 8 ¶¶ 2. Officer Pacheco also "chest-bump[ed]" him and threatened to mess him up. *Id.* ¶ 3.

After Sease returned to his housing unit, he informed Lieutenant Frenis about Officer Pacheco's conduct and also attempted to apologize to Officer Pacheco. *Id.* at 4. Sease returned to his cell because Officer Pacheco would not let him speak. *Id.* ¶ 5. Before Sease could enter his cell, Lieutenant Frenis attacked him. *Id.* ¶ 6. After he "stopped the defendants['] attack," Officer Pacheco placed Sease face down on the floor and Officer Mooney handcuffed Sease. *Id.* ¶¶ 6-7. As Sease lay on the floor, Officers Mooney, Ostonio, Vescrera, Karisen, McCannon, Pacheco, Rinaldi and Lieutenant Frenis kicked, stomped and hit him and tried to rip his hair from his scalp. *Id.* ¶ 7. Lieutenant Camacho and Officers John Doe 1, 2, 3 and 4 stood by and failed to intervene to stop the assaultive behavior of the other defendants. *Id.* ¶ 8.

Sease suffered head trauma and edema, swollen eyes, bleeding from his right ear and pain in his back, neck, shoulder, leg and ribs. *Id.* ¶ 9. Prison officials at Garner transported Sease to University of Connecticut Health Center for treatment. *Id.* ¶ 10.

For relief, Sease seeks monetary damages. To the extent that he seeks monetary damages from the defendants in their official capacities, those claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacities); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). All claims for monetary damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The Supreme Court has held that "[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment" and will give rise to a failure to protect claim. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citations omitted) (internal quotation marks omitted). To state a claim of excessive force, an inmate must allege that the defendant's conduct was serious enough to have violated contemporary standards of decency to meet the objective prong and that force was applied "maliciously and sadistically" to cause harm rather than "in a good faith effort to maintain or restore discipline" to meet the subjective prong. *Hudson v. McMillan*, 503 U.S. 1, 7-9 (1992) (internal quotation marks omitted).

I conclude that Sease has alleged sufficient facts to state plausible Eighth Amendment claims for deliberate indifference to safety and excessive force against Lieutenant Frenis, first Correctional Officer Karisen and Correctional Officers Pacheco, Rinaldi, Vescrera, Mooney, Ostonio, and McCannon and plausible Eighth Amendment claims of deliberate indifference to safety and failure to protect claims against Lieutenant Camacho and Correctional Officers Doe 1, Doe 2, Doe 3 and Doe 4. Those claims will proceed against the defendants in their individual

capacities. Sease has listed Correctional Officer Karisen twice in the title of the caption on the first page of the amended complaint. In the description of the parties, however, only one defendant Karisen is listed. *See* Am. Compl. at 2-4. In addition, the amended complaint only includes allegations relating to one Officer Karisen. Absent any description of or allegations against a second Officer named Karisen, the claims against the second Officer listed as Karisen in the amended complaint are dismissed as lacking an arguable factual or legal basis. *See* 28 U.S.C. § 1915A(b)(1).

**It is hereby ordered that:**

**(1)** The claims against all defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) and the individual capacity claims against the second Correctional Officer Karisen listed in the amended complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk shall terminate, as a defendant, the second Correctional Officer Karisen listed on the docket.

The Eighth Amendment deliberate indifference to safety and excessive force claims will proceed against Lieutenant Frenis, the first Correctional Officer Karisen and Correctional Officers Pacheco, Rinaldi, Vescrera, Mooney, Ostonio and McCannon in their individual capacities and the Eighth Amendment claims of deliberate indifference to safety and failure to protect claims will proceed against Lieutenant Camacho and Officers Doe 1, Doe 2, Doe 3 and Doe 4 in their individual capacities. If Sease chooses to appeal this decision, he may not do so *in forma pauperis,* because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**(2)** **The Clerk is unable to serve the four John Doe defendants in their individual**

**capacities because Sease has not identified the first and last names of the Doe defendants. Accordingly, Sease may conduct discovery to determine the names of the Doe defendants. Once he has sufficiently identified the Doe defendants, he must file a notice with the court indicating the name of each Doe defendant. The notice shall be filed within 90 days of the date of this order. If Sease fails to sufficiently identify a Doe defendant within the time specified, the claims against that defendant will be dismissed pursuant to Rule 4(m), Fed. R. Civ. P.**

**(3)** Within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Lieutenant Paul Frenis, Lieutenant B. Camacho, Correctional Officer Bruno A. Pacheco, Correctional Officer C. Rinaldi, Correctional Officer S. Vescrera, Correctional Officer Mooney, Correctional Officer Ostonio, Correctional Officer Karisen and Correctional Officer McCannon and mail a copy of the amended complaint, this order and a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of each request. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

**(4)** Defendants shall file their response to the amended complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They

may also include any and all additional defenses permitted by the Federal Rules.

**(5)** Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order. Discovery requests need not be filed with the court.

**(6)** All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

**(7)** The Pro Se Prisoner Litigation Office shall send a courtesy copy of the amended complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

It is so ordered.

Dated at Bridgeport, Connecticut, this 22nd day of December 2017.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge